UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

FRANKLIN GONZALEZ DOMINGUEZ,

Petitioner,

v. Case No.: 2:26-cv-01776-SPC-NPM

WARDEN, FLORIDA SOFT SIDE DETENTION CENTER *et al*,

Respondents,
_______________________________________/

**OPINION AND ORDER**

Before the Court are petitioner Franklin Gonzalez Dominguez's Petition for Writ of Habeas Corpus (Doc. 1) and the government's response (Doc. 3).

Gonzalez Dominguez is a native of Cuba who last entered the United States in May 2023. Border Patrol arrested him and later transferred him to the custody of Immigration and Customs Enforcement ("ICE"). On May 25, 2023, an asylum officer determined Gonzalez Dominguez established he was persecuted in Cuba and commenced removal proceedings by issuing a notice to appear. On July 10, 2023, an immigration judge ordered Gonzalez Dominguez removed to Cuba. ICE released him from custody on January 25, 2024, because there was no significant likelihood of removal in the reasonably foreseeable future.

On April 15, 2025, Gonzalez Dominguez was convicted of burglary, petit theft, and possession of a stolen driver's license and sentenced to one year of probation. Then on January 24, 2026, local police arrested Gonzalez Dominguez for driving on a suspended license. ICE issued an immigration detainer and took him into custody a couple days later. Gonzalez Dominguez argues his detention is unlawful because removal is not significantly likely in the reasonably foreseeable future.

"Once a noncitizen's order of removal becomes administratively final, the Government 'shall' remove the person within 90 days." *Singh v. U.S. Attorney Gen.*, 945 F.3d 1310, 1313 (11th Cir. 2019) (quoting 8 U.S.C. § 1231(a)(1)(A)). The government must detain the noncitizen during the 90-day removal period, which begins when the removal order becomes administratively final. *Id.* Detention may continue after the removal period, but not indefinitely.

In *Zadvydas v. Davis*, the Supreme Court held, "if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute." 533 U.S. 678, 700-01 (2001). If removal is not practically attainable, detention no longer serves its statutory purpose of "assuring the alien's presence at the moment of removal." *Id.* at 699. The Court found it unlikely Congress "believed that all reasonably foreseeably removals could be accomplished in [90 days]." *Id* at 701. So, "for the sake of uniform administration in the federal courts," it established a

"presumptively reasonable period of detention" of six months—the 90-day removal period plus an additional 90 days. *Id.* Courts use a burden-shifting framework to judge the constitutionality of additional post-removal detention:

> After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut the showing.

*Id.*

The respondents argue Gonzalez Dominguez's petition is premature because his current detention has not exceeded 180 days. They assume a six-month presumptively reasonable period of detention starts each time a noncitizen is detained. That assumption is inconsistent with *Zadvydas*. It would effectively allow DHS to arbitrarily detain noncitizens and avoid judicial scrutiny by limiting consecutive periods of detention to 180 days. As the Eleventh Circuit recognized, "[t]he Supreme Court's stated rationale for establishing a presumptively reasonable '6-month period' for detention pending removal supports our conclusion that this period commences at the beginning of the removal period." *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 n.3 (11th Cir. 2002).

Because the six-month period for presumptively reasonable detention has expired, *Zadvydas*'s burden-shifting framework applies. Gonzalez Dominguez carried his initial burden by showing a good reason to believe there

is no significant likelihood of removal in the reasonably foreseeable future. The government was unable to remove him in 2024, and no change in circumstances makes removal more likely now. The burden shifts to the government, but it makes no attempt at rebuttal.

The Court finds no significant likelihood Gonzalez Dominguez will be removed in the reasonably foreseeable future. He is entitled to release from detention under *Zadvydas*. If removal becomes likely in the reasonably foreseeable future, ICE can detain Gonzalez Dominguez to "assur[e] [his] presence at the moment of removal." *Zadvydas*, 533 U.S. at 680.

Accordingly, it is hereby

**ORDERED:**

Franklin Gonzalez Dominguez's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**.

1. The respondents shall release Gonzalez Dominguez within 24 hours of this Order give him telephone access so he can arrange transportation from the detention facility.
2. The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close this case.

**DONE AND ORDERED** in Fort Myers, Florida on July 27, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies: All Parties of Record